UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAWTUCKET PUBLIC SAFETY ) <br> RETIREES ASSOCIATION, ) <br> Individually, and on behalf of its ) <br> Members and as Class Representative, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF PAWTUCKET, by and ) <br> through its Finance Director, Joanna ) <br> L'Heureux; DONALD GREBIEN, ) <br> Mayor of the City of Pawtucket, in his ) <br> official and individual capacities; ) <br> ANTONIO PIRES, Director of ) <br> Administration of the City of ) <br> Pawtucket, in his official and ) <br> individual capacities, ) <br>     Defendants. ) | C.A. No. 15-26-JJM-LDA |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

The class plaintiff and representative, the Pawtucket Public Safety Retirees Association ("Retirees") moves in limine for an order that the Defendants may not introduce evidence or question witnesses about the personal resources or income earned by any witness or class member from any source except for pension income paid by the City of Pawtucket. ECF No. 49. The Court GRANTS the motion.

Evidence is admissible only if relevant, probative, and not unfairly prejudicial. *United States v. Sweeney*, 887 F.3d 529, 538 (1st Cir. 2018), cert denied, No. 18-5038, 2018 WL 3224189 (U.S. Oct. 9, 2018). Evidence should be admitted under Rule 401

when that evidence has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401(a)-(b). The First Circuit has clarified that the relevancy analysis concerns whether the evidence "move[s] the inquiry forward to some degree on a fact of consequence." *Franchina v. City of Providence*, 881 F.3d 32, 49 (1st Cir. 2018). Further, under Rule 403, relevant evidence should still be excluded when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury..." Fed. R. Evid. 403.

There are four groups of claims in this case: a state law breach of contract claim, Contracts Clause claims, Takings Clause claims, and state and federal Due Process Clause claims. The City of Pawtucket argues that evidence of personal income and resources should be admitted for consideration under the Contract Clause claims, Takings Clause claims, and Due Process Clause claims. ECF No. 54.

First, the independent financial resources or income of a plaintiff is not relevant to the Contracts Clause claims. The City claims that evidence of the financial impact of the COLA suspension is relevant to whether the claimed impaired term rises to the level of a "substantial impairment" under the Contract Clause analysis. ECF No. 54-1 at 2. Substantial impairment can be found if the impairment "deprives a private party of an important right, thwarts performance of an essential term, defeats the expectations of the parties, or alters a financial term." *S. California Gas Co.*, 336 F.3d 885 (9th Cir. 2003). The First Circuit has focused on the reasonable

2

expectation of the parties to determine substantiality. *See All. Of Auto. Mfrs. v. Gwadosky*, 430 F.3d 30, 42 (1st Cir. 2005) ("Parties' reasonable expectations are central to the issue of substantiality."); *see also Houlton Citizens' Coal. v. Town of Houlton*, 175 F.3d 178, 190 (1st Cir. 1999) ("In order to weigh the substantiality of a contractual impairment, courts look long and hard at the reasonable expectations of the parties."). Accordingly, the City has failed to show how assets outside of the contract are relevant to the determination of whether the right is a substantial part of the contractual relationship between the parties.

Additionally, the City argues that the evidence is relevant as it has a right to present evidence to determine the "severity" of the impairment. However, the effect of the impairment is not measured by comparison to the plaintiff's other assets. Rather, the severity of the impairment is measured against the contractual right that is impaired. *See Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 245 (1978) ("The severity of the impairment measures the height of the hurdle the state legislation must clear. Minimal alteration of contractual obligations may end the inquiry at its first stage...The effect of Minnesota's Private Pension Benefits Protection Act on this contractual obligation was severe.").

The City also contends that evidence of personal resources and income goes to the reasonableness of the impairment. However, courts have rejected the comparison of the harms between the public benefit and private loss to determine the reasonableness prong. *See U.S. Tr. Co. of New York v. New Jersey*, 431 U.S. 1, 29 (1977) (noting that the Court would not consider the state's argument that harm to

individual bondholders from the state action was greatly outweighed by the public benefit). There is no support for the argument that the total financial picture of a retiree is relevant to the reasonableness inquiry here.

Second, evidence of personal resources and income is not relevant to the Substantive Due Process claim. The City argues that the evidence is relevant to the determination of whether conscience-shocking conduct exists. There is no precise formula for determining when conduct rises to the level of conscience shocking behavior necessary to sustain a substantive due process claim. *Pagan v. Calderon*, 448 F.3d 16, 32 (1st Cir. 2006). However, the focus here is on the City's actions and whether they followed the dictates of due process, not the degree of harm to the Retirees' outside assets.

Third, evidence of personal income and resources is not relevant to the Takings Clause claims. The analysis of whether an action implicates the Takings Clause requires weighing "the character of the government action, its economic impact on the plaintiff, and the degree to which it interferes with the plaintiff's reasonable, investment-backed expectations." *Houlton Citizens' Coal v. Town of Houlton*, 175 F.3d 178, 190 (1st Cir. 1990). The First Circuit has clarified that "[e]valuating the magnitude of the economic impact of regulatory action ordinarily requires an assessment of the extent to which the action 'impairs the value or [typical] use' of the property." *Maine Educ. Ass'n Benefits Tr. v. Cioppa*, 695 F.3d 145, 157 (1st Cir. 2012). Here, the economic impact analysis requires a review of the impairment to the value or use of the plaintiff's COLA, the particular piece of property that is

impacted by the legislation. The Takings Clause analysis does not require a review of the impact on the whole of the economic picture of the plaintiff.

Evidence of the Retirees' personal income and resources does not impact the analysis for the breach of contract claim, Contract Clause claims, Substantive Due Process claims, or Takings Clause claims. Plaintiff's Motion in Limine Concerning Evidence Related to Class Members Personal Resources and Income (ECF No. 49) is GRANTED.

IT IS SO ORDERED

_____
John J. McConnell, Jr.
United States District Judge

February 26, 2019

5