UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAWTUCKET PUBLIC SAFETY RETIREES ASSOCIATION, Individually, and on behalf of its Members and as Class Representative, Plaintiff, <br><br> v. <br><br> CITY OF PAWTUCKET, by and through its Finance Director, Joanna L'Heureux; DONALD GREBIEN, Mayor of the City of Pawtucket, in his official and individual capacities; ANTONIO PIRES, Director of Administration of the City of Pawtucket, in his official and individual capacities, Defendants. | C.A. No. 15-26-JJM-LDA |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge.

The class plaintiff and representative, the Pawtucket Public Safety Retirees Association ("Retirees") moves in limine for an order that the plaintiff does not need to prove individual damage amounts for each member of the class at trial. ECF No. 50. The Court GRANTS the motion.

Federal Rule of Evidence 403 governs this motion. The rule permits a court to exclude evidence "if its probative value is substantially outweighed by a danger of" certain pitfalls, including "unfair prejudice" or "needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court entered a text order granting the Association's unopposed motion for class certification. The motion mainly sought certification under Federal Rule of Civil Procedure 23(b)(2) that provides for certification when a party seeks injunctive relief. ECF No. 20.

There are four groups of claims in this case: a state law breach of contract claim, Contracts Clause claims, Takings Clause claims, and state and federal Due Process Clause claims. The Retirees seek injunctive and declaratory relief in the form of an order requiring the City to recalculate and pay the pensions owed to the retirees with the cost of living adjustment ("COLA") benefits that had been denied, and compensatory damages for the breach of contract, Contracts Clause, and Due Process Clause claims. ECF No. 1. The City argues that evidence of individual damages is required to prove: 1) the extent and amount of damages for the breach of contract claim, and 2) compensatory damages with a reasonable degree of certainty. ECF No. 56-1 at 3-4.

Individual damages are not required to fulfill the damages element of the breach of contract claim here. The City argues that the Retirees have not sought injunctive and declaratory relief in the breach of contract claim, and proof of damages stemming from the alleged breach is an essential element of the claim. ECF No. 56-1 at 2-3. Proof of damages in this case is mathematical – the COLAs to be applied are known and the express contracts and a City Ordinance dictate the calculations. There is no support for requiring evidence of individual damages for the breach of contract claim.

2

The City also argues that individual damages are required to calculate compensatory damages. ECF No. 56-1 at 3-4. Here, the compensatory damages sought are incidental to the injunctive and declaratory relief, and individualized determinations are unnecessary. Incidental damages in the context of compensatory damages has been defined as "damages that flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." *Bond v. Fleet Bank (RI), N.A.*, No. CIV.A. 01-177 L, 2002 WL 31500393, at *8 (D.R.I. Oct. 10, 2002) (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998); *see also Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001) (adopting reasoning of *Allison* court and finding that the plaintiffs did not seek damages as a group remedy but as a remedy for individual injuries). The Retirees do not seek damages for inherently individual injuries such as emotional distress or suffering, but seek damages as a group remedy to the alleged claims. Thus, there is no need to delve into complex, individualized determinations for compensatory damages purposes.

Plaintiff's Motion in Limine Concerning Proof of Individual Damages (ECF No. 50) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 26, 2019